UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YAIR JACKOBY,<br><br>    Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>    Defendant. | 3:11-CV-0307-LRH-VPC<br><br>ORDER |

Before the court is defendant GEICO General Insurance Company's ("GEICO") motion for summary judgment. Doc. #23.[1] Plaintiff Yair Jackoby ("Jackoby") filed an opposition (Doc. #25) to which GEICO replied (Doc. #28).

Also before the court is Jackoby's cross-motion for summary judgment. Doc. #24.

## I.   Facts and Procedural History

This action arises out of an automobile accident that occurred when plaintiff Jackoby, while riding his bicycle, was struck by an underinsured motorist. At the time of the accident, Jackoby was insured by three separate insurance policies issued by GEICO for each of Jackoby's three vehicles. Each policy had a $300,000 limit for underinsured motorist ("UIM") coverage. After the accident, GEICO paid Jackoby the $300,000 UIM limit from one of the policies.

---

[1] Refers to the court's docketing number.

Jackoby then filed the underlying complaint seeking the additional $600,000 in UIM benefits under his other two GEICO policies. Doc. #1, Exhibit 1. Thereafter, the parties filed the present motions for summary judgment. Doc. ##23, 24.

**II.    Legal Standard**

   **A.  Summary Judgment**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

Where, as here, parties filed cross-motions for summary judgment on the same claims before the court, the court must consider each party's motion separately and on its own merits. *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted). Accordingly, "the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and opposition to both motions, before ruling on each of them." *Id.* at 1134.

**B. Contract Interpretation**

Under Nevada law, insurance policies are contracts, which must be enforced according to their terms. *Continental Cas. Co. v. Summerfield*, 482 P.2d 308, 310 (Nev. 1971). The starting point for the interpretation of any contract is the plain language of the contract. *McDaniel v. Sierra Health and Life Ins. Co., Inc.*, 53 P.3d 904 (Nev. 2002); *see also, Klamatch Water Users Protective Ass'n v. Patterson*, 20 F.3d 1206, 1210 (9th Cir. 1999) ("Whenever possible, the plain language of the contract should be considered first."). When a contract contains clear and unequivocal provisions, those provisions shall be construed to their usual and ordinary meaning. *Dickenson v. Nevada*, 877 P.2d 1059, 1061 (Nev. 1994). Then, using the plain language of the contract, the court shall effectuate the intent of the parties, which may be determined in light of the surrounding circumstances. *See 2 NGA #2 Ltd. Liab. Co. v. Rains*, 133 Nev. 1151, 1158 (1997); *see also, Burrows v. Progressive Casualty Ins.*, 820 P.2d 748, 749 (Nev. 1991); *Klamatch Water Users*, 20 F.3d at 1210 ("Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself.").

In the absence of ambiguity, contract interpretation is an issue of law for the court, and may be decided on a motion to dismiss. *P.J. Maffei Bldg. Wrecking Corp. v. United States*, 732 F.2d

1  913, 916 (Fed. Cir. 1984). A contract term is ambiguous if it is "reasonably susceptible to more
2  than one interpretation." *Shelton v. Shelton*, 78 P.3d 507, 510 (Nev. 2003).

3  **III.   Discussion**

4        Generally, an insured has a reasonable expectation that he will receive additional UIM
5  benefits for each separate UIM premium paid. *Torres v. Farmers Ins. Exch.*, 793 P.2d 839, 842
6  (Nev. 1990). However, NRS 687B.145(1) permits insurers to limit stacking of UIM coverage if
7  there is a specific "anti-stacking" provision in the insurance policy and the anti-stacking provision
8  is: (1) prominently displayed; (2) not calculated for full reimbursement; and (3) clear. *Bove v.*
9  *Prudential Ins. Co. of Am.*, 799 P.2d 1108, 1110 (Nev. 1990); *Farmers Ins. Exchange v. Lawless*,
10 680 F.Supp.2d 1238, 1243 (D. Nev. 2010). If the anti-stacking provision fails to comply with any
11 of these requirements the provision is void. *Id*.

12       In its motion for summary judgment, GEICO argues that the "anti-stacking" language in the
13 underlying policies satisfies the requirements of NRS 687B.145(1) and thus, Jackoby was only
14 entitled to UIM benefits from a single policy. The anti-stacking provision at issue in this matter
15 provides:

16     ANTI-STACKING
       IF YOU OR ANY OTHER INSURED IS IN AN ACCIDENT:
17        (a) IN AN INSURED AUTO WE WILL NOT PAY MORE THAN THE LIMIT
          OF COVERAGE FOR THAT PARTICULAR INSURED AUTO.
18        (b) IN A MOTOR VEHICLE OTHER THAN YOUR INSURED AUTO OR
          WHILE AS A PEDESTRIAN, WE WILL NOT PAY MORE THAN THE
19           LIMIT OF COVERAGE WHICH YOU HAVE ON ANY ONE OF YOUR
          INSURED AUTOS.
20     THIS LIMIT OF COVERAGE APPLIES REGARDLESS OF THE NUMBER OF
    POLICIES, INSUREDS, YOUR INSURED AUTOS, CLAIMS MADE, OR MOTOR
21     VEHICLES INVOLVED IN THE ACCIDENT. COVERAGES ON OTHER
    MOTOR VEHICLES INSURED BY US CANNOT BE ADDED OR STACKED ON
22     THE COVERAGE OF YOUR INSURED AUTO THAT COVERS THE LOSS."

23 Doc. #23, Exhibit 1, P.13, Section IV. The court has reviewed the documents and pleadings on file
24 in this matter and finds that, as discussed below, GEICO's anti-stacking provision satisfies the
25 requirements of NRS 687B.145(1) and is therefore valid.

26

### A. Prominently Displayed

To be valid, an anti-stacking provision must be more prominently displayed than other provisions of an insurance policy. *Styles v. State Farm Mutual Auto Ins. Co.*, 2007 U.S. Dist. LEXIS 68650, *8 (D. Nev. 2007). A provision is sufficiently prominent if it is "different from its surrounding terms." *Neumann v. Standard Fire Ins.*, 699 P.2d 101, 105 (Nev. 1985).

Here, GEICO's anti-stacking provision has greater prominence than the rest of the policy language: the provision is printed in all caps, clearly identified as an anti-stacking provision, and was under the "Limits of Liability" heading. The court finds such a display is sufficient to satisfy the prominence requirement. *See Bove v. Prudential Ins. Co. of America*, 799 P.2d 1108, 1111 (Nev. 1990). Further, Jackoby concedes in his opposition that GEICO's anti-stacking provision satisfies the prominence requirement of NRS 687B.145(1).

### B. Payment

The next requirement for a valid anti-stacking provision is that the insured can not have paid a premium calculated for full UIM coverage for each separate policy. *Styles*, 2007 U.S. Dist. LEXIS 68650, *10 (citing *Bove*, 799 P.2d at 1111). This requirement can be met by showing that a different premium was charged for UIM coverage for each separate policy. *See Farmers Ins. Exchange v. Lawless*, 680 F.Supp.2d 1238, 1243 (D. Nev. 2010).

Here, it is undisputed that Jackoby was charged reduced values for each successive auto policy with GEICO. The evidence establishes that he was charged $94.80 for the first vehicle and a reduced rate of $75.90 for the second and third insured vehicles. Therefore, GEICO has established that Jackoby was not paying a premium calculated for full UIM coverage on each policy satisfying the second requirement of NRS 687B.145(1).

### C. Clear Language

Finally, an anti-stacking provision must be clearly written and not "difficult to understand." *Neumann*, 699 P.2d at 103.

5

1  The court has reviewed GEICO's anti-stacking provision and finds that the language of the
2  provision is reasonably clear and unambiguous. The provision states in plain language that the
3  limitation applies regardless of the number of GEICO policies involved, the number of vehicles
4  insured, and the number of claims made. The court finds that there is nothing ambiguous about this
5  language.
6  In opposition, Jackoby argues that the anti-stacking provision is inapplicable in this instance
7  because he was on a bicycle at the time of the accident and thus, was not in an insured automobile,
8  a passenger in another vehicle, or a pedestrian as the anti-stacking provision requires. *See* Doc. #24.
9  Jackoby's argument is without merit because it ignores the final sentence of the anti-stacking
10 provision which states, "[c]overages on other motor vehicles insured by us cannot be added or
11 stacked on the coverage of your insured auto that covers the loss." This sentence is not limited to
12 accidents that occur while the insured was a pedestrian or was in an insured vehicle because the
13 sentence does not include any "in a motor vehicle" or "as a pedestrian" language limitations.
14 Rather, the last sentence of the provision prevents stacking of additional GEICO policies in all
15 circumstances, which is consistent with the overall purpose of the anti-stacking provision.
16 Therefore, the court finds that GEICO's anti-stacking provision also satisfies the clarity
17 requirement of NRS 687B.145(1).
18 Because GEICO's anti-stacking provision complies with the requirements of NRS
19 687B.145(1), the underlying insurance policies prevent stacking of any additional UIM coverage in
20 this action. Accordingly, the court shall grant GEICO's motion for summary judgment.
21 ///
22 ///
23 ///
24 ///
25 ///
26

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #23) is GRANTED. The clerk of court shall enter judgment in favor of defendant GEICO General Insurance Company and against plaintiff Yair Jackoby.

IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment (Doc. #24) is DENIED.

IT IS FURTHER ORDERED that defendant's motion to strike (Doc. #22) is DENIED as moot.

IT IS SO ORDERED.

DATED this 20th day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE